Cunningham, J.
The appellee, Asher B. Wilson, brought his action in ejectment in the district court, to recover possession of the southeast quarter (S. E. %) of. section two (2), township two (2) north range fifty-two (52) west, Washington county, from William Little, appellant, defendant below.
*169 The defendant answered, setting np four defenses. On the trial he offered evidence in support of hut one of his four defenses, the third, which was based on a treasurer’s deed which had been issued to appellant for more than five, but for less than seven years. The replication was a denial of all the allegations in the answer. The trial court, on objection properly interposed, excluded said deed when same was offered. The deed was void on its face, for the reason that it showed a sale to the county of the land in question, on the first day of the tax sale proceeding conducted by the treasurer of the county. — Bryant v. Miller, 48 Colo. 192, and cases there cited.
Appellee’s contention that the tax deed possessed sufficient vitality to set the so-called short statute of limitation, that is, the five year statute, in motion, has been so repeatedly held unsound in this state, that it is no longer open to debate.
Gomer v. Chaffee, 6 Colo. 314; Chrisman v. Johnson, 23 Colo. 264; Dempfel v. Beam, 41 Colo. 25; Page v. Gillette, 47 Colo. 289; Sayre v. Sage, 47 Colo. 559; Clark v. Huff, 49 Colo. 200.
The plaintiff, having properly established his title, the judgment in his favor, so far as it awarded him the land, was correct, and must be affirmed.
For some reason not easy to comprehend, the trial judge attempted to find and adjudge that a certain decre'e of the county court of Washington connty was void. While the defendant had pleaded a decree of the county court in his favor, purporting to quiet the title to the land in controversy, as well as other lands, no evidence whatever of such a decree was offered on the trial, therefore, under the *170 pleadings, the replication having’ denied generally the allegations of the answer, that portion of the trial court’s findings and decree which pertained to a purported judgment of the county court was manifestly improper. Inasmuch as the decree of the trial court refers to a decree of the county court by giving its date, and the book and page where same is recorded, and thereupon finds and attempts to adjudge said decree of the county court null and void, confusion is likely to result if the judgment in this case be unconditionally affirmed. For these reasons, the case is modified and remanded, with directions to the trial court to modify its decree in. accordance with the views expressed herein.

Modified and affirmed.

"Walling, Judge, not participating.